IN THE UNITED STATES DISTRICT COURT
FOR THE EASTERN DISTRICT OF PENNSYLVANIA

| | | |
|---|---|---|
| CHARLES E. D'ORAZIO<br>    [FO-2602] | : | CIVIL ACTION |
| | : | |
| v. | : | |
| | : | |
| WARDEN, SCI HUNTINGDON, et al. | : | NO.   07-1883 |

## REPORT AND RECOMMENDATION

M. FAITH ANGELL
UNITED STATES MAGISTRATE JUDGE                                             February 29, 2008

     Presently before this Court is a Petition for Writ of Habeas Corpus filed, pursuant to 28 U.S.C. §2254, by a state prisoner.  Petitioner, Charles D'Orazio, is currently incarcerated at State Correctional Institution ["SCI"] Huntingdon, Pennsylvania, where he is serving an aggregate sentence of twenty to forty years for attempted murder and related offenses.  For the reasons which follow, it is recommended that Mr. D'Orazio's habeas claims be denied and dismissed without an evidentiary hearing.

### I.  BACKGROUND[1]

     On July 20, 2002, Petitioner was arrested and charged with attempted murder and aggravated assault for stabbing Jose Rivera.  The testimony at trial established Petitioner and Rivera were acquaintances who sometimes did drugs together.  On the day of the assault, Petitioner drove Rivera to a drug supplier and then dropped him off at his apartment.  Later that night, Petitioner returned to Rivera's apartment and asked to use the bathroom.  Petitioner struck

---

[1] In preparing this Report and Recommendation, I have reviewed the following documents: Mr. D'Orazio's habeas petition, the Commonwealth's response with appended exhibits, the Commonwealth's supplemental response, and the state court records.

Rivera in the head and chest, choked him, and then stabbed him numerous times. *Appendix to Commonwealth's Answer: Volume II* - Exhibit "L" (April 10, 2006 Superior Court Opinion) at pp. 1-2.[2]

On July 8, 2003, following a jury trial before the Honorable Michael A. Georgelis of the Lancaster County Court of Common Pleas, Petitioner was convicted of attempted murder and aggravated assault (2 counts). On September 30, 2003, Petitioner was sentenced to twenty to forty years incarceration. *Id.* - Exhibit "J" (Criminal Docket) at pp. 3, 10,12. *See also N.T. 9/30/03* (Sentencing) at p. 27.

Petitioner filed a timely direct appeal. On appeal, he presented the following issues:

1. Did the trial court err in denying Petitioner's objection to the introduction of certain photographic images which were culled from surveillance equipment installed at the crime scene when the Commonwealth failed to lay a proper foundation for the authenticity of such photographs and for their relevancy?

2. Did the trial court err in denying Petitioner's objection to testimony by the Commonwealth's expert medical witness as to the manner in which some of the wounds were inflicted when such testimony deviated from the limited proffer and pre-trial notice regarding such witness's testimony and when the Commonwealth failed to establish that the witness was qualified to render such an additional opinion?

3. Was the sentencing court's imposition of a sentence of twenty years to forty years of incarceration so manifestly excessive as to constitute an abuse of discretion because such sentence is clearly unreasonable within the meaning of 42 Pa.C.S.A. §9781( c)(2), despite its falling within the standard range of the Sentencing Guidelines?

*Appendix to Commonwealth's Answer: Volume II* - Exhibit "K" (July 16, 2004 Superior Court Opinion) at pp. 2-3.

---

[2] The Commonwealth's Answer and two volumes of exhibits were docketed as Docket Entry No. 10.

In a July 16, 2004 Opinion, the Superior Court rejected all three claims on the merits. *Id.* at pp. 3-11.³

Petitioner did not seek *allocatur* review in the Pennsylvania Supreme Court.

On April 11, 2005, Petitioner filed a *pro se* motion for relief under the Pennsylvania Post Conviction Relief Act ["PCRA"]⁴. In this pleading, Petitioner asserted fourteen ineffective assistance of counsel claims, a claim of prosecutorial misconduct, and two claims of trial court error. *State Court Record:* PCRA Petition at "Appendix A."

Counsel was appointed to represent Petitioner; he filed an amended petition, raising three claims of ineffective assistance of counsel. *State Court Record:* "Amended Petition For Post-Conviction Relief" at pp. 2-5.

On October 18, 2005, the trial court dismissed the PCRA petition. *Commonwealth's Answer: Volume II* - Exhibit "J" (Criminal Docket) at p. 15. *See State Court Record*: Order dated October 18, 2005.

Petitioner appealed the dismissal of his PCRA petition to the Superior Court, raising ineffective assistance of counsel claims for failing to object to the surveillance photographs on relevancy grounds, and for failing to object to the jury instruction on attempted murder. The Superior Court rejected both claims on the merits. *Appendix to Commonwealth's Answer: Volume II* - Exhibit "L" (April 10, 2006 Superior Court Opinion) at pp. 3, 5-12.

---

   ³   The Superior Court determined that Petitioner's challenge to the relevancy of the surveillance photographs (included in his first appellate claim) had been waived because Petitioner had failed to object on relevancy at both the pre-trial suppression hearing and at trial. *Id.* at p. 4.

   ⁴   42 Pa.C.S.A. §9541 *et seq.*

3

Petitioner sought discretionary review in the Pennsylvania Supreme Court. *Allocatur* was denied on October 18, 2006. *Id.*: Exhibit "L" at last (unnumbered) page of the exhibit.

On April 30, 2007, Petitioner filed a *pro se* habeas petition in the Middle District of Pennsylvania. By Order dated May 3, 2007, the matter was transferred here because Petitioner is challenging the validity of a conviction imposed in the Lancaster County Court of Common Pleas. *Original Habeas Record* [Docket Entry No. 1]: May 3, 2007 Order of the Hon. James M. Munley.

Upon transfer to this district, the Honorable Thomas N. Golden granted Mr. D'Orazio leave to proceed *in forma pauperis* and directed him to re-file his habeas claims on a current standard form. *May 18, 2007 Order* [Docket Entry No. 2].

Petitioner filed a revised habeas petition on June 6, 2007. *Habeas Petition* [Docket Entry No. 3]. In his revised habeas petition, Mr. D'Orazio asserts the following grounds for relief:

1. "Due process of law. Prejudicial admission of evidence by the trial court; dismissal of PCRA."

2. "Ineffective assistance of counsel. Failure to object to Court's instructions on attempted murder. Failure to object on relevance and authenticity of various surveillance photographs."

3. "Trial court error. Jury charge."

*Id.* at p. 9.

On September 17, 2007, the District Attorney of Lancaster County filed an answer to Mr. D'Orazio's habeas petition, arguing that only one of Petitioner's habeas claims has been properly exhausted in the state system; all other claims were not cognizable and/or repetitious. *Answer to Petition for Writ of Habeas Corpus* [Docket Entry No. 10][5] at p. 3.

---

[5] Hereinafter "Commonwealth's Response."

By Order dated November 26, 2007, I directed both parties to file supplemental pleadings addressing whether Petitioner's habeas petition was filed outside of the one year statute of limitations as set forth in 28 U.S.C. §2244(d), whether the statute of limitations is subject to equitable tolling and whether the time bar should be enforced despite the Commonwealth's failure to raise it in its initial answer. *November 26, 2007 Order* [Docket Entry No. 12].

On December 3, 2007, the Respondents filed a supplemental response, asserting that Mr. D'Orazio's habeas petition was untimely. Respondents argued that equitable tolling was not warranted and the Court should assert the time bar despite the Commonwealth's initial failure to assert this defense. *Answer to Habeas Petition* [Docket Entry No. 13].[6]

Petitioner did not file a supplemental pleading as directed in my November 26, 2007 Order.

## II.  DISCUSSION

**A.  AEDPA's Statute of Limitations.**

The Antiterrorism and Effective Death Penalty Act of 1996 [AEDPA], signed into law on April 24, 1996, significantly amended the laws governing habeas corpus petitions. One of the amended provisions, 28 U.S.C. §2244(d), imposes a one-year statute of limitations on state prisoners who seek federal habeas relief. A habeas petition must be filed within one year of the date on which the petitioner's judgment of conviction became final by the conclusion of direct review or the expiration of the time seeking such review. *See* 28 U.S.C. §2244(d)(1).[7]

---

[6]  Hereinafter "Supplemental Answer."

[7] While the date on which the petitioner's conviction becomes final is typically the start date for the limitations period, the statute permits the limitation period to run from four different points in time, depending on which occurs the latest. In addition to the date on which the

In the instant case, Mr. D'Orazio's state conviction became final on August 16, 2004, when the time for seeking *allocatur* in the Pennsylvania Supreme Court (30 days) expired. *See* Pa.R.App.P. 1113(a)(petition for allowance of appeal shall be filed within thirty days from the entry of the order of the Superior Court sought to be reviewed). *See e.g., Harris v.* Vaughn, 129 Fed.Appx. 684, 685 (3d Cir. 2005)(where petitioner did not file an *allocatur* petition in the Pennsylvania Supreme Court, his judgment of conviction became final thirty days after the Superior Court affirmed his convictions) and *Lopez v. Rozum*, CA No. 04-5908, 2005 WL 1322515 at *3 (E.D. Pa. June 1, 2005)(petitioner's judgment of conviction became final when the time for seeking allowance of appeal in the Supreme Court of Pennsylvania on direct appeal expired). Accordingly, Petitioner's habeas statute of limitations began on August 16, 2004, and absent any tolling, would have expired on August 15, 2005.

**B.  Waiver of the Statute of Limitations Defense.**

When the state answers a habeas petition without contesting its timeliness, a federal court may raise the AEDPA statute of limitations issue *sua sponte*. *Day v. McDonough*, 547 U.S. 198, 126 S.Ct. 1675, 1680 (2006).

---

petitioner's conviction becomes final, the start date can also run from: (1) "the date on which the impediment to filing an application created by state action in violation of the Constitution or laws of the United States is removed, if the applicant was prevented from filing by such state action;" (2) "the date on which the constitutional right asserted was initially recognized by the Supreme Court, if the right has been newly recognized by the Supreme Court and made retroactively applicable to cases on collateral review;" or (3) "the date on which the factual predicate of the claim or claims presented could have been discovered through the exercise of due diligence." *See* 28 U.S.C. §2244(d)(1)(A)-(D).  There is nothing in the pleadings before the court to suggest that the start date for the statute of limitations period should be permitted to run from a date later than the date on which Mr. D'Orazio's conviction became final.

> Before proceeding *sua sponte* on the statute of limitations issue, the federal court
>
> [ . . . ] must accord the parties fair notice and an opportunity to present their positions.  Further, the court must assure itself that the petitioner is not significantly prejudiced by the delayed focus on the limitation issue, and "determine whether the interests of justice would be better served" by addressing the merits or by dismissing the petition as time barred.  [citations omitted].

*Id.* at 1684 (2006).

After my initial review of Mr. D'Orazio's petition and the state court record, I determined that the habeas petition appeared untimely.  I then ordered both parties to address the timeliness of the petition, equitable tolling and whether this court should enforce the time bar despite the Respondents' failure to raise it in their answer.  While Petitioner did not file a supplemental pleading, he had notice and an opportunity to be heard on this issue.

Concerns for unjust delay and prejudice are not present in this case because no proceedings occurred after the Respondents answered, and Mr. D'Orazio has raised no factual issue that would have been easier to resolve at the time of the initial answer.  There is no suggestion that the failure to raise the statute of limitations defense in the Respondents' original answer was the result of bad faith or strategy.  *See Golden v. Sabol*, CA No. 06-3245, 2007 WL 3283240 at * 3-4 (E.D. Pa. November 5, 2007).  Thus, I conclude that the Respondents have not waived the statute of limitations defense.

**C. <u>Statutory Tolling</u>**.

The AEDPA amendments include a tolling provision for "the time during which a properly filed application for State post-conviction or other collateral review with respect to the pertinent judgment or claim is pending." *See* 28 U.S.C. §2244(d)(2).

Mr. D'Orazio's habeas statute of limitations began on August 16, 2004, and continued to run until April 11, 2005, when Petitioner filed a timely petition for collateral relief in the PCRA forum.  As of April 11, 2005, approximately eight months (238 days) of Petitioner's AEDPA one-year statutory period had run.

The statute of limitations period was tolled during the entire time that Mr. D'Orazio's PCRA petition was pending, from April 11, 2005 through October 18, 2006, when the Pennsylvania Supreme Court denied *allocatur* review.  *See Swartz v. Meyers,* 204 F.3d 417, 424 (3d Cir. 2000)(the AEDPA statute of limitations is tolled during the time a prisoner has to seek review of the Pennsylvania Superior Court's decision whether or not review is actually sought); *LaCava v. Kyler*, 398 F.3d 271, 274 (3d Cir. 2005)(the time during which a state prisoner may file c*ertiorari* petition in the United States Supreme Court from the denial of state post-conviction petition does not toll statute of limitations).

Petitioner's habeas limitations period resumed running on October 19, 2006.  With 127 days remaining, Mr. D'Orazio had to file his habeas petition on or before February 23, 2007.  The instant habeas petition was not filed until April 30, 2007.  Because it was filed after the expiration of the one year statutory period, Petitioner does not meet the requirements for statutory tolling under 28 U.S.C. §2244(d)(2).

D.  **Equitable Tolling.**

§2244's one-year statute of limitations is subject to equitable tolling. However,

> [. . .] equitable tolling is proper only when the 'principles of equity would make [the] rigid application [of a limitation period] unfair.' *Shendock*, 893 F.2d at 1462. Generally, this will occur when the petitioner has 'in some extraordinary way . . . been prevented from asserting his or her rights.' *Oshiver*, 38 F.3d 1380. The petitioner must show that he or she 'exercised reasonable diligence in investigating and bringing [the] claims.' *New Castle County*, 111 F.3d at 1126. Mere excusable neglect is not sufficient. *See Irwin v. Department of Veterans Affairs*, 498 U.S. 89, 96, 111 S.Ct. 453, 458, 112 L.Ed.2d 435 (1990); *New Castle County*, 111 F.3d at 1126.

 *Miller v. New Jersey State Dept. of Corrections*, 145 F.3d 616, 618 (3d Cir. 1998).

Equitable tolling may be appropriate where: "(1) the defendant has actively misled the plaintiff; (2) if the plaintiff has 'in some extraordinary way' been prevented from asserting his rights; or (3) if the plaintiff has timely asserted his rights mistakenly in the wrong forum." *Id.* It is the petitioner's burden to show that he or she "exercised reasonable diligence in investigating and bringing [the] claims. Mere excusable neglect is not sufficient. [citations omitted]*" Id.* at 618-19 (3d Cir. 1998).

In the final analysis, federal review, on an equitable basis, of an untimely habeas petition is limited to the "rare situation where equitable tolling is demanded by sound legal principles as well as the interests of justice." *Jones v. Morton*, 195 F.3d 153, 159 (3d Cir. 1999).

Mr. D'Orazio has not argued, and the record before me does not suggest, that the circumstances of this case present the "rare situation" which demands equitable tolling of the habeas statute. Therefore, Petitioner's untimely habeas petition is not subject to federal review.

## **RECOMMENDATION**

For the reasons set forth above, it is recommended that the Petition for Writ of Habeas Corpus, filed pursuant to 28 U.S.C. § 2254, be DISMISSED AS UNTIMELY. It is further recommended a finding be made that there is no probable cause to issue a certificate of appealability.

Petitioner may file objections to this Report and Recommendation. *See* Local Civil Rule 72.1. Failure to file timely objections may constitute a waiver of any appellate rights.

BY THE COURT:

 S/M. FAITH ANGELL
M. FAITH ANGELL
UNITED STATES MAGISTRATE JUDGE